UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re                                                                        Chapter 11

       SH 168, LLC                                          Case no.  23-41864 (ESS)

               Debtor.
--------------------------------------------------------x

## <u>NOTICE OF HEARING</u>

       PLEASE TAKE NOTICE, a hearing will be held on July 7, 2023 at 10:30 a.m. (the "Hearing") before the Honorable Elizabeth S Stong, United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York to consider the annexed application ("Application") for the entry of an order excusing compliance by Gregary M. LaSpina as receiver ("Receiver") with § 543(a) and (b) of the Bankruptcy Code pursuant to §543(d)(1) of the Code with respect to the Debtor's real property located at 142-28 38th Avenue, Flushing, New York 11354.  Those intending to appear at the Hearing must register with eCourt Appearances no later than two days prior to the Hearing. The phone number or video link for the Hearing will be emailed only to those that register with eCourt Appearances in advance of the Hearing.  Instructions for registering with eCourt Appearances can be found at https://www.nyeb.uscourts.gov/node/2126. If you do not have internet access or are otherwise unable to register with eCourt Appearances, you may call or email Judge Elizabeth S Stong's courtroom deputy for instructions at (347) 394-1864 or ess_hearings@nyeb.uscourts.gov.

       PLEASE TAKE FURTHER NOTICE, that objections, if any, must be in writing, served upon the undersigned proposed Proponent's counsel, and filed with the Clerk of the Bankruptcy Court, so as to be received at least seven (7) days before the Hearing date.

Dated:  New York, New York
       June 5, 2023

                               BACKENROTH FRANKEL & KRINSKY, LLP

                By:    s/ Mark Frankel
                      488 Madison Avenue Fl 23
                      New York, New York  10022
                      (212) 593-1100

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re                                               Chapter 11

      SH 168, LLC                          Case no.  23-41864 (ESS)

\                                       Debtor.
-------------------------------------------------------------x

## MOTION TO EXCUSE COMPLIANCE WITH SECTION 543 OF THE BANKRUPTCY CODE

      BK 38th Lender LLC (the "Mortgagee"), the holder of a first mortgage on the property owned by SH 168, LLC (the "Debtor") located at 142-28 38th Avenue, Flushing, New York 11354 (the "Property"), as and for its motion for the entry of an order excusing compliance by Gregory N. LaSpina as receiver ("Receiver") with § 543(a) and (b) of the Bankruptcy Code pursuant to §543(d)(1) of the Code, respectfully states as follows:

**(a) The Supreme Court appointed the Receiver about one year ago,**

**(b) This case was filed in part to stay a contempt hearing against the Debtor's principals for obstructing the Receiver's management, and**

**(c) to preserve and protect the Property during this case, the Court should excuse compliance with section 543(a) and (b) of the Bankruptcy Code.**

## BACKGROUND

      1.    On May 25, 2023, the Debtor filed a Chapter 11 petition under Title 11 of the United States Code, 11 U.S.C. 101 et seq. (the "Bankruptcy Code").

      2.    The Debtor owns the real property at 142-28 38th Avenue, Flushing, New York 11354 (the "Property"), pictured below:



      3.      The Property is subject to the Mortgagee's foreclosure action, Index No.

725426/2020 pending in the Supreme Court of Queens County (the "Foreclosure").  The

Receiver was appointed under an April 29, 2022 order (Exhibit A).  In support of the

Mortgagee's motion to appoint a receiver, the Mortgagee's emergency affirmation (Exhibit B)

included Department of Buildings ("DOB") records showing multiple hazardous conditions

classified as Class 1 violations which, according to the DOB, must "be corrected immediately."

4.     On March 16, 2022, a judgment of foreclosure and sale was entered ("Foreclosure Judgment," Exhibit C), finding that as June 20, 2022, the Debtor owes the Mortgagee $28,195,000 plus per diem interest of $12,000 each day thereafter.  The May 25, 2023 Petition Date is 339 days after June 20, 2022.  The total amount due to the Mortgagee as of the Petition Date is about $32,263,000.  The accrual of interest makes the Property a wasting asset, to the detriment of creditors, the Debtor and the Debtor's principals who guaranteed the Mortgagee's claim.

5.     The Debtor has filed nothing but a bare bones petition.

6.     In his affidavit supporting his application to hold the Debtor's principals in contempt (Exhibit D), the Receiver states that Ai Guang Chen and Jin WuYu have: "have refused to cooperate in any fashion and have continued to collect rent from the tenants."  They "have failed to turn over the security deposits and rents collected after September 7, 2022, amounting to at least $600,000.00.  They have also "refused to turn over keys, current leases, agreements, correspondence, and an accounting of rents and expenses after September 7, 2022."

7.     Barton Schwartz, the Receiver's proposed Property Manager, also filed an affidavit supporting the Receiver's contempt application (Exhibit E).  He states that "for building safety purposes maintenance contracts for HVAIC, fire safety and elevators" must be entered into.  He also stated that "the building is in desperate need of janitorial services."  Meanwhile an adult day care facility tenant refuses to pay rent, claiming its lease is with the building owner. He states that property is being moved out of restaurant space.

## RELIEF REQUESTED HEREIN

8.      By this Application, the Mortgagee seeks the entry of an order excusing compliance with section 543 of the Bankruptcy Code under section 543(d)(1) of the Bankruptcy Code.

9.      Sections 543(a) and (b)(1) of the Bankruptcy Code generally require a custodian to deliver to the trustee any property of the debtor held by a custodian and to turnover management to the Debtor.  Section 543(d)(1) of the Bankruptcy Code, however, lets the court excuse turnover:

> after notice and a hearing, the bankruptcy court—(1) may excuse compliance with subsection (a) . . . if the interests of creditors . . . would be better served by permitting the custodian to continue in possession, custody or control.

11 U.S.C. § 543(d).

10.      In determining whether cause exists to let a receiver retain possession and administration of property, the bankruptcy court must analyze these factors: (a) whether there will be enough income to fund a successful reorganization; (b) whether the debtor will use the property to benefit its creditors; (c) whether there has been mismanagement by the debtor; and (d) whether there are preferences which a receiver is not empowered to avoid.[1]  *In re Lizeric*

---

[1]  As the Debtor has not yet filed its Statement of Financial Affairs in this case, there is not have enough information to determine whether there are potential avoidance actions in this case.  In any case, maintaining the Receiver as custodian of the Property will not prevent the Debtor from commencing avoidance actions on behalf of Debtor's estate.

*Realty Corp.*, 188 B.R. 499, 506-07 (Bankr. S.D.N.Y. 1995); *In re Constable Plaza Assocs., L.P.*, 125 B.R. 98, 103 (Bankr. S.D.N.Y. 1991).

11.     "Section 543(d) cases are fact intensive, turning upon whether the assets of a particular debtor should be administered by the existing custodian or returned to the debtor." *In re Uno Broad. Corp.*, 167 B.R. 189, 200-01 (Bankr. D. Ariz. 1994) (allowing receiver to remain in place when receiver was moving expeditiously and professionally to manage debtor's affairs and substantial evidence of debtor's mismanagement was presented).

12.     Faced with the Receiver's credible allegations that the Debtor and its principals have converted Debtor funds, obstructed the Supreme Court Receiver order, and jeopardized building safety, the Mortgagee is concerned.

13.     In similar circumstances where evidence of mismanagement exists, courts routinely excuse the receiver from compliance under § 543(d)(1) of the Bankruptcy Code to avoid the unnecessary confusion, expense and disruption attendant to requiring compliance with subsections (a) through (c) of § 543 of the Bankruptcy Code. *See In re Lizeric Realty Corp.*, 188 B.R. at 506-507 (court found that debtor mismanaged the property where, before the receiver's appointment, debtor defaulted under two mortgages, did not pay taxes and let liens be filed against the property); *In re Dill*, 163 B.R. 221,226 (E.D.N.Y. 1994)(affirming bankruptcy court holding that receiver should be excused from turnover requirements for mismanagement where Debtor spent security deposits, did not obtain certificates of occupancy and secured creditor had to pay for repairs to the properties); *In re CCN Realty Corp.*, 19 B.R. 526 (Bankr. S.D.N.Y.

5

1982) (receiver allowed to continue in possession of property where Debtor has no incentive to collect rent other than to satisfy the secured claim asserted by the bank); *In re Plantation Inn Partners*, 142 B.R. 561, 563 (Bankr. S.D. Ga. 1992) (receiver excused from turnover where court found that debtor had defaulted on mortgage payments, did not pay taxes, paid over $50,000.00 to debtor's principal or his affiliated companies for "management services" without documentation or justification, did not report revenues and pay franchise fees to its franchisor, did not place casualty and liability insurance on the property, let flood insurance lapse, hired an unqualified manager for the hotel, and did not maintain current accounting records); *In re WPAS, Inc.*, 6 B.R. 40, 44 (Bankr. M.D. Fla. 1980) (court let receiver remain in possession and control of assets where debtor disregarded its duty to file payroll tax returns and pay FICA taxes and drew checks on accounts without determining the sufficiency of funds).

14.    Another consideration in determining whether to excuse the Receiver from the turn over requirements of § 543 of the Bankruptcy Code is whether there will be enough income to fund a successful reorganization. *In re Lizeric Realty Corp.*, 188 B.R. at 506-07.

15.    The Debtor's failure to file anything but a bare-bones petition suggests that the Debtor's pre-petition disregard for court orders and rules has not changed.  The Mortgagee suggests, therefore, that best result for all parties will be a sale of the Property. Responsible management is necessary to maintain the status quo in the meantime.

## <u>CONCLUSION</u>

WHEREFORE, the Mortgagee respectfully requests that the Court grant the relief sought, that Court grant such other relief as may be just and proper.

Dated: New York, New York
June 6, 2023

                               **BACKENROTH FRANKEL & KRINSKY, LLP**
                               Attorneys for the Mortgagee

                               By:    <u>s/Mark A. Frankel</u>
                                     488 Madison Avenue, 23rd Floor
                                     New York, New York 10022
                                     (212) 593-1100

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re                                               Chapter 11

         SH 168, LLC                              Case no.  23-41864 (ESS)

                        Debtor.
------------------------------------------------------------x

## <u>ORDER</u>

Upon the application (the "Application") of BK 38th Lender LLC (the "Mortgagee"), the holder of a first mortgage on the property owned by SH 168, LLC (the "Debtor") located at 142-28 38th Avenue, Flushing, New York 11354 (the "Property"), for an order excusing compliance by Gregory LaSpina as receiver ("Receiver"), with § 543(a) and (b) of the Bankruptcy Code pursuant to § 543(d)(1) of the Code, and upon the hearing held before this Court on July 7, 2023, and after due deliberation and sufficient cause appearing therefor, it is

ORDERED, that the Receiver be, and he hereby is, excused from compliance with sections 543(a) and (b) of the Bankruptcy Code; and it is further

ORDERED, that the Debtor, its members, officers, agents, servants and employees and any parties under their direction or control or acting in concert or participation with them be, and hereby are, enjoined from collecting or accepting any and all rents with respect to the Property; and it is further

ORDERED, that the Debtors, their members, officers, agents, servants and employees and any parties under their direction or control or acting in concert or participation with them, be, and they hereby are, enjoined from interfering with or attempting to interfere with

the Receiver's obligations as So-Ordered by the Supreme Court of Queens County; and it is further

ORDERED, that the Debtor turn over to the Receiver any and all rents, income and profits arising from leases, tenancies, extensions or renewals for lease periods on or after the Receiver's appointment; and it is further

ORDERED, that the Debtor turnover to the Receiver any and all books, records, tenant histories, extensions, renewals and all other records relating to the Property, and the original tenant leases relating to the Property as reasonably necessary to operate the Property; and it is further

Exhibit A

Case 1:23-41064-ess   Doc 10   Filed 06/05/23   Entered 06/05/23 14:32:16



At Part 12 of the Supreme Court of the State of New York, held in and for the County of Queens, at the Courthouse, at 88-11 Sutphin Boulevard, Jamaica, New York, on the 29 day of _____April_____, 2022.

P R E S E N T:  **HON. DENIS J. BUTLER, J.S.C.**

---

BK 38TH LENDER LLC,

                                     Plaintiff,

           – v –

SH 168, LLC, AI GUANG CHEN, JIN WU YU, NAVIGATOR BUSINESS SERVICES LLC, BOARD OF MANAGERS OF THE SHIROKIA TOWER CONDOMINIUM, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE and JOHN DOE #1 THROUGH JOHN DOE #20 (said John Doe defendants being fictitious, it being intended to name all other parties who may have some interest in or lien upon the premises sought to be foreclosed),

                                 Defendants.

Index No. 725426/2020

**ORDER APPOINTING RECEIVER IN MORTGAGE FORECLOSURE ACTION**

---

Upon the Summons and Complaint filed by Plaintiff on December 30, 2020, and upon reading and filing the Notice of Motion dated February 22, 2021, for an Order appointing receiver in commercial mortgage foreclosure action, the Affidavit in Support of Ralph Dweck sworn to on the 19th day of February, 2021, the Affirmation in Support of Joseph N. Misk dated February 22, 2021, the Affirmation in Opposition of William X. Zou dated April 18, 2022, the Affidavit in Opposition of Jinwu Yu sworn to on the 18th day of April, 2022, the Reply Memorandum in Support of Plaintiff's application dated April 19, 2022 and upon the Memorandum Decision of the Court dated April 19, 2022 granting said motion; it is

**ORDERED**, that **Gregory N. LaSpina, Esq.** of Queens, New York with offices at 19-02 Whitestone Expressway #302, Whitestone, NY 11357, be and is hereby appointed, with the usual powers and directions Temporary Receiver (the "Receiver") for the benefit of the Plaintiff of all the rents and profits now due and unpaid or to become due during the pendency of this action and issuing out of the mortgaged premises mentioned in the Complaint, more particularly described in Schedule A hereto, and known as and by the street address of 142-28 38th Avenue, Flushing, New York, also known as Block 5020, Lots 1201 – 1274, on the official Tax Map of the City of New York (the "Mortgaged Premises"); and it is further,

**ORDERED** that the said Receiver is authorized to forthwith take charge and enter into possession of the Mortgaged Premises; and it is further

**ORDERED** that, before entering upon his/her duties, said Receiver shall be sworn to fairly and faithfully discharge the duties committed to him/her and shall execute to the People of the State of New York and file with the Clerk of this Court an undertaking in the penal sum of (One Million and Two-Hundred Thousand Dollars) $1,200,000.00 , conditioned for the faithful discharge of his/her duties as such Receiver; and it is further,

**ORDERED** that said Receiver be and is hereby directed to demand, collect and receive from the occupants, tenants, and licensees in possession of said premises, or other persons liable therefore, inclusive of the mortgagor, all the rents and license fees thereof now due and unpaid or hereafter to become fixed or due, and that said Receiver be and is hereby authorized to institute and carry on all legal proceedings necessary for the protection of said premises or to recover possession of the whole, or any part thereof, and/or apply to the Court to fix reasonable rental value and license fee value and to compel the tenants and occupant(s) to attorn to the Receiver; and it is further

-2-

**ORDERED** that the Receiver may institute and prosecute suits for the collection of rent, license fees and other charges now due or hereafter to become due or fixed, and summary proceedings for the removal of any tenants or licensees or other persons therefrom; and it is further,

**ORDERED** that, pursuant to the provisions of the General Obligations Law section 7-105, anybody holding any deposits or advances of rental as security under any lease or license agreement affecting space in the premises affected by this action shall turn same over to said Receiver within five (5) days after said Receiver shall have qualified; and thereupon the said Receiver shall hold such security subject to such disposition thereof as shall be provided in an Order of this Court to be made and entered in this action; and it is further,

**ORDERED** that anybody in possession of same shall turn over to said Receiver all rent lists, orders, unexpired and expired leases, agreements, correspondence, notices and registration statements relating to rental space or facilities in the premises; and it is further,

**ORDERED** that, notwithstanding anything to the contrary contained in this order, the said Receiver shall not, without the further prior order of this Court, upon prior notice to plaintiff, make improvements or substantial repairs to the property at a cost in excess of $1,000.00; and it is $3,000.00 (Three Thousand Dollars) further,

**ORDERED** that said Receiver forthwith deposit all monies received by him/her at the time he/she receives same in an account at Flushing Bank (the "Depository") or in an account established by the Receiver for the purposes of receipt of such funds, such account to be in his/her name, as Receiver, and to show the name of the instant case; the Depository shall furnish monthly statements regarding such account to the Receiver, who will in turn provide such statements to Plaintiff's counsel on a timely basis; and it is further

**ORDERED** that said Receiver be and is authorized from time to time to rent or lease any part of the premises for terms not exceeding one (1) year or such longer terms as may be required by the State of New York; to keep said premises insured against loss by damage or fire; to pay the taxes, assessments, water rates, sewer rents, vault rents, salaries of employees, supplies and other charges; to comply with all the lawful requirements of any municipal department or other authority of the municipality in which the mortgaged premises are situated; and to procure such fire, plate glass, liability and other insurance as may be reasonably necessary; and it is further,

**ORDERED** that the tenants, licensees or other persons in possession of said premises attorn to said Receiver and pay over to said Receiver all rents, license fees and other charges of such premises now due and unpaid or that may hereafter become due; and that the defendants be enjoined and restrained from collecting the rents, license fees and other charges of said premises and from interfering in any manner with the property or its possession; and from transferring, removing or in any way disturbing any of the occupants or employees; and that all tenants, occupants, employees and licensees of the premises and other persons liable for the rents be and hereby are enjoined and restrained from paying any rent or license fees or other charges for such premises to the defendants, their agents, servants or attorneys; and it is further,

**ORDERED** that the Receiver is prohibited from incurring obligations in excess of the monies in his/~~her~~ hands without further Order of this Court or written consent of the Plaintiff's attorney; and it is further,

**ORDERED** that the Owner turn over to the Receiver all rents collected from and after the date of this Order; and it is further,

- 4 -

Case 1:23-41864-ess   Doc 10   Filed 06/05/23   Entered 06/05/23 14:32:16   INDEX NO. 725426/2020

**ORDERED** that all persons now or hereafter in possession of said premises, or any part thereof, and not holding such possession under valid and existing leases or tenancies, do forthwith surrender such possession to said Receiver, subject to emergency laws, if any; and it is further,

**ORDERED** that said Receiver after paying the expenses of the management and care of the said premises as above provided retain the balance of the monies which may come into his/~~her~~ hands until the sale of the said premises under the judgment to be entered in this action and/or until further Order of this Court; and it is further,

**ORDERED** that if it is necessary in the fulfillment of the Receiver's duties, Plaintiff may, but shall not be required, to advance funds to the Receiver for the payment of repairs, maintenance, insurance, taxes, the curing of violations or any other expense which may be necessary for the preservation and protection of the Mortgaged Premises by the Receiver and to the extent that the rents, issues and profits collected by the Receiver and remaining in the Receiver's account are insufficient to reimburse Plaintiff for such advances, all such advances made by Plaintiff shall be secured by its mortgage and shall be added to and included to the debt thereupon due and in the judgment of foreclosure and sale; and it is further

**ORDERED** that said Receiver shall file a monthly accounting with Plaintiff's counsel beginning with the date of this Order and monthly thereafter during the term of the receivership; and it is further

**ORDERED** that said Receiver, or any party hereto, may at any time, on proper notice to all parties who may have appeared in this action, apply to this Court for further or other instructions or powers necessary to enable said Receiver to properly fulfill his/~~her~~ duties; and it is further

**ORDERED** that for his/her services, Receiver shall be compensated for the faithful discharge of his/her duties provided for in Section 8004 of the Civil Practice Law and Rules; and it is further

**ORDERED** that the appointee named as Receiver herein shall comply with the provisions of Section 35(a) of the Judiciary Law, Sections 6401-6405 of the Civil Practice Law and Rules, and Article 13 of the Real Property Actions and Proceedings Law and Rule 36 of the Chief Judge.

**NOTWITHSTANDING ANY OTHER PROVISION OF THE ORDER TO THE CONTRARY, THE RECEIVER SHALL NOT APPOINT AN ATTORNEY, AGENT, APPRAISER, AUCTIONEER OR ACCOUNTANT WITHOUT PRIOR ORDER OF THIS COURT.**

ENTER

_____
Denis J. Butler, J.S.C.

FILED
5/2/2022
COUNTY CLERK
QUEENS COUNTY

Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

BK 38TH LENDER LLC,

Plaintiff,

- v -

SH 168, LLC, AI GUANG CHEN, JIN WU YU,
NAVIGATOR BUSINESS SERVICES LLC, BOARD
OF MANAGERS OF THE SHIROKIA TOWER
CONDOMINIUM, NEW YORK CITY DEPARTMENT
OF FINANCE, NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE and JOHN DOE #1
THROUGH JOHN DOE #20 (said John Doe defendants
being fictitious, it being intended to name all other
parties who may have some interest in or lien upon the
premises sought to be foreclosed),

Defendants.

Index No. 725426/2020

## EMERGENCY AFFIRMATION OF JOSEPH N. MISK, ESQ.

Joseph N. Misk, Esq., an attorney duly admitted to practice before the courts of this State,
affirms the following to be true under penalties of perjury and pursuant to CPLR 2106:

1.      I am a partner of the law firm of Ginsburg & Misk LLP, co-counsel for the
Plaintiff, BK 38th Lender LLC ("Plaintiff") and I am fully familiar with the facts and
circumstances set forth herein.   I submit this affirmation to describe the urgent and
emergency basis for the relief sought by Plaintiff in the Order to Show Cause being
submitted herewith.

2.      The New York City Department of Buildings (the "DOB") enforces building
codes and zoning rules, issues building permits, and inspects new and existing
buildings.   During a review of the DOB's web site conducted on February 11, 2022,
Plaintiff learned that there were significant violations filed against 142-28 38th Avenue,
Flushing, New York (the "Mortgaged Premises") indicating that there are hazardous

Case 1-23-41064-ess    Doc 10    Filed 06/05/23    Entered 06/05/23 14:32:16

conditions at the Mortgaged Premises, which, according to the DOB must "be corrected immediately."

3.      Annexed hereto at Exhibit "A" is a printout from the DOB's web site for the Mortgaged Premises labeled "Property Profile Overview."  It states: "PARTIAL STOP WORK ORDER EXISTS ON THIS PROPERTY VIOLATION FOR FAILURE TO CERTIFY CORRECTION OF CLASS 1 VIOLATION EXISTS ON THIS PROPERTY - DOB CIVIL PENALTIES DUE."

4.      According to the DOB, a Class 1 DOB-ECB violation is immediately hazardous, and is the most severe DOB-ECB infraction.

5.      Exhibit "A" also shows that there are four (4) open OATH/ECB Violations filed against the Mortgaged Premises and five (5) open DOB violations filed against the Mortgaged Premises.

6.      Annexed hereto at Exhibit "B" is a true and accurate copy printed from the DOB's web site for active OATH/ECB Violation Number 35588797Y.  This is a Class 1 violation which is described by the inspector as follows: "1RCNY 103-04 MISC. FAILURE TO REPAIR DEFECTIVE CONDITIONS (1) CRACK BRICKS NEAR BALCONY STRUCTURES AT MULTIPLE LOCATIONS ON EXP #1 AND #3 (2) VERTICAL CRACK AT PARAPET ON EXP #4 (3) MULTIPLE CRACKS AT INSIDE FACE".

7.      Annexed hereto at Exhibit "C" is a true and accurate copy printed from the DOB's web site for active OATH/ECB Violation Number 35588798X.  This is a Class 1 violation which is described by the inspector as follows: "FAILURE TO MAINTAIN BUILDING EXTERIOR WALLS OR APPURTENANCES.NOTE: AT TIME OF INSPECTION OBSERVED AT EXP #2 EAST ELEVATION; SECTIONS OF

Case 1:23-41064-ess   Doc 10   Filed 06/05/23   Entered 06/05/23 14:32:16

BRICKMASONRY BULGING APROX 6" TO 12" BETWEEN 1ST AND 2ND FLOOR WHERE NO PRO".

8.      Annexed hereto at Exhibit "D" is a true and accurate copy printed from the DOB's web site for active OATH/ECB Violation Number 35635342R.  This is a Class 2 violation which is described by the inspector as follows: "FAILURE TO MAINTAIN BUILDING EXTERIOR WALLS OR APPURTENANCES.NOTE:AT TIME OF INSPECTION OBSERVED AT EXP #1 NORTH ELEVATION (38TH AVE) CRACKED BRICKS ON 6TH FLOOR NEXT TO BALCONY SLAB (NORTH-WEST CORNER OF BLDG)".

9.      Annexed hereto at Exhibit "E" is a true and accurate copy printed from the DOB's web site for active OATH/ECB Violation Number 35633080R.  This is a Class 2 violation which is described by the inspector as follows: "BC3307.6 BC 3314.1 SIDEWALK SHED/OVERHEAD PROTECTION & SUPPORTED SCAFFOLD IN PLACE NOT COMPLY WITH CODES.AT TIME OF INSPECTION ON ACTIVE PERMIT 11 STORY PARTIAL EAST FACADE REPAIR SITE OBSERVED SWS/OVERHEAD PRO".

10.      Annexed hereto collectively at Exhibit "F" are true and correct copies, in chronological order, of printouts from the DOB's web site showing five active violations filed against the Mortgaged Premises.   DOB Violation Number 082721CLLFA01LJ requires: "EMERGENCY WORK DUE TO MASONRY FACADE AT EXP 2. REMEDY: IMMED RETAIN A NYS PE TO EXAMINE THE FACADE AND PROVIDE IMMED SAFETY MEASURES INSTALLATION OF SAFETY MEASURES TO BEGIN IMMED AND UNDER FULL TIME SUPERVISION OF THE PROF ENGINEER. PROVIDE REPAIR PLANS FOR DAMAGE FACADE. SAFETY MEASURES WORK UNDER PE

3

Case 1-23-41064-ess    Doc 10    Filed 06/05/23    Entered 06/05/23 14:32:16

SUPV TO BEGIN IMMED".

11.    As the Court can see, there are hazardous conditions at the Mortgaged Premises which must be addressed on an expedited basis.   Accordingly, Plaintiff respectfully submits that its order to show cause should be heard on an emergency basis.

12.    For these same reasons, it is urgent that the Court appoint a receiver so that he/she can take control of the subject mortgaged premises as soon as possible to protect not only Plaintiff's collateral from further damage, but also the tenants of the building and the general public.   Thus, Plaintiff respectfully requests that the Court determine Plaintiff's motion for the appointment of a receiver (Motion Sequence No. 2) on the same date that it addresses the instant order to show cause.   The receiver motion was filed on February 22, 2021 and has been rescheduled and/or adjourned by the court system on five separate occasions.   It was recently adjourned from February 1, 2022 to April 19, 2022 even though counsel for Defendants SH 168, LLC (the "Borrower"), Ai Guang Chen and Jin Wu Yu (the "Guarantors", and with the Borrower, the "Borrower-Defendants") only requested a thirty (30) day adjournment.

13.    No party hereto can be prejudiced if the Receiver Motion is heard on an expedited basis because, as demonstrated in its submissions on said motion, Plaintiff is entitled to the appointment of a temporary receiver for the subject mortgaged premises without notice and without regard to the adequacy of any security of the debt pursuant to RPL § 254(10).

14.    Because the Receiver Motion has been adjourned on numerous occasions, the Borrower-Defendants have been able to collect rents generated by the

4

INDEX NO. 725426/2020
RECEIVED NYSCEF: 02/17/2022

Case 1-23-41064-ess   Doc 10   Filed 06/05/23   Entered 06/05/23 14:32:16

Mortgaged Premises to the prejudice of Plaintiff (even though they have no possible defenses to this motion given the clear-cut nature of their defaults and the provision in the Mortgage).  Notwithstanding their collection of the rents, the Borrower-Defendants have permitted the building to fall into disrepair thereby leading to the numerous violations described above and annexed hereto as exhibits.

15.     Plaintiff respectfully submits that, pending a hearing and determination and of this Order to Show Cause, the Borrower-Defendants and their principals, employees and agents should be restrained from spending, secreting or disbursing any money for any purpose other than remedying the OATH/ECB violations and DOB violations filed against the Mortgaged Premises.

16.     By an email dated February 16, 2022, my firm notified Borrower-Defendants' counsel, Bill Zou, Esq., of Bill Zou & Associates PLLC of its intent to file the instant Order to Show Cause and that we would be requesting it be heard on an emergency basis.  A copy of this email is annexed hereto at Exhibit "G."

17.     The Mortgage Consolidation, Modification, Spreader and Extension Agreement and Assignment of Leases and Rents and Security Agreement dated January 18, 2019 (the "Mortgage") was previously filed on the Court's docket at NYSCEF Doc. No. 3. The Mortgage requires the Mortgagor "to give prompt notice to Mortgagee of any actions or proceedings… by any governmental department, agency or instrumentality… affecting the Mortgaged Property."  Mortgage at p. 36, § 29(b).  But, the Borrower-Defendants failed to provide such notice of the violations discussed above.  This application is being brought to the Court's attention within a matter of days of Plaintiff learning of said violations.

5

Case 1:23-41064-ess Doc 10 Filed 06/05/23 Entered 06/05/23 14:32:16

18.     No prior application to this or any other Court has been made for any of

the relief sought herein.

Dated:    Queens, New York
          February 16, 2022

_Joseph N. Misk_

_____
Joseph N. Misk

6

Case 1-23-41064-ess    Doc 10    Filed 06/05/23    Entered 06/05/23 14:32:16

### <u>Rule 202.8-b Certification</u>

Joseph N. Misk, an attorney certified to practice law in the state of New York, does hereby certify that the attached document contains 1211 words as tabulated by word processing software, exclusive of the caption, table of contents, table of authorities, and signature block, as applicable, in compliance with the word limits set forth in Uniform Rule 202.8-b(a).

*Joseph N. Misk*

Joseph N. Misk, Esq.

7

Exhibit C

SEQUENCE NO. 7

**FILED & RECORDED**
**3/20/2023**
**9:15 AM** *HW*
**COUNTY CLERK**
**QUEENS COUNTY**

At IAS Part 12 of the Supreme Court of the State
of New York, held in and for the County of
Queens, at the Courthouse, at 88-11 Sutphin
Boulevard, Jamaica, New York, on the 16
day of _____March_____, 2023.

PRESENT: HON. DENIS J. BUTLER, J.S.C.

| | |
|---|---|
| BK 38TH LENDER LLC,<br><br>           Plaintiff,<br><br>- v -<br><br>SH 168, LLC, AI GUANG CHEN, JIN WU YU, NAVIGATOR BUSINESS SERVICES LLC, BOARD OF MANAGERS OF THE SHIROKIA TOWER CONDOMINIUM, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE,<br><br>           Defendants. | Index No. 725426/2020<br>**AMENDED**<br>**JUDGMENT OF**<br>**FORECLOSURE AND SALE**<br><br><br>MORTGAGED PROPERTY:<br><br>142-28 38th Avenue<br>Flushing, New York<br>(Block 5020, Lots 1201 – 1274) |

The Court recalls the Order dated February 28, 2023 and substitutes the following in
its place and stead:

UPON the Summons and Complaint filed in this action on the 30th day of December 2020, and

the Notice of Pendency filed in this action on the 5th day of January 2021, the Notice of Motion

dated September 20, 2022, the affirmation by Joseph N. Misk, Esq. dated September 20, 2022,

the affidavit of merit and amount due by Ralph Dweck who is an authorized signatory of the

Plaintiff BK 38th Lender LLC, duly sworn to on June 21, 2022, together with the exhibits

annexed thereto, all in support of Plaintiff's motion for a Judgement of Foreclosure and Sale; the

Affirmation in Opposition of William X. Zou, Esq., dated February 6, 2023, and the Reply

Affirmation in Further Support of Joseph N. Misk, Esq., dated February 7, 2023; and

1

UPON proof that each of the defendants herein has been duly served with the Summons and Complaint in this action, and has voluntarily appeared either personally or by an attorney or has not served any answer to the Complaint or otherwise appeared, nor had their time to do so extended; and it appearing that more than the legally required number of days has elapsed since the non-appearing defendants Board of Managers of the Shirokia Tower Condominium, New York City Department of Finance and New York State Department of Taxation and Finance were so served; and Plaintiff having established to the court's satisfaction that a judgment against defendants is warranted; and

UPON the affidavit of mailing reflecting compliance with CPLR 3215(g)(3)(iii); and

UPON proof that non-appearing defendants Board of Managers of the Shirokia Tower Condominium, New York City Department of Finance and New York State Department of Taxation and Finance are not absent, in accordance with RPAPL §1321(2); and

A Referee having been appointed to compute the amount due to Plaintiff upon the bond/note and mortgage set forth in the Complaint and to examine whether the mortgaged property can be sold in parcels; and

UPON reading and filing the Report of Frank Bruno, Jr., Esq. dated August 2, 2022, showing the sum of $28,195,000.00 due as of June 20, 2022, and that the mortgaged property may not be sold in parcels; and

UPON proof of due notice of this motion upon all parties entitled to receive same, and upon all the prior proceedings and papers filed herein; and

UPON reading and filing the decision of the Court dated February 8, 2023;

NOW, on motion by Ginsburg & Misk LLC, attorneys for the Plaintiff, it is hereby

2

ORDERED, that the motion is granted; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee's Report of Frank Bruno, Jr., Esq., dated August 2, 2022, be, and the same is, hereby in all respects ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged property described in the Complaint and as hereafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale, and the costs of this action as provided by the RPAPL be sold, within 90 days of the date of this Judgment, in one parcel, at a public auction at the Queens County Supreme Court located at 88-11 Sutphin Boulevard, Jamaica, New York on the Courthouse steps on a day and at a time to be designated, 11435, ~~in Courtroom #25 at 10:30 A.M. on a Friday,~~ by and under the direction of Frank Bruno, Jr., Esq. who is hereby appointed Referee for that purpose; that said Referee ,give public notice of the time and place of sale in accordance with RPAPL §231 in

Newspaper

Queens Daily Eagle (718-422-7409)
8900 Sutphin Blvd
Jamaica, NY 11435
_____; and it is further

ORDERED, ADJUDGED AND DECREED that by accepting this appointment, the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2(c) ("Disqualifications from appointment") and §36.2(d) ("Limitations on appointments based upon compensation"); and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee is prohibited from accepting or retaining any funds for him/herself or paying funds to him/herself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

3

Case 1:23-41864-ess Doc 19 Filed 06/05/23 Entered 06/05/23 14:32:16

ORDERED, ADJUDGED AND DECREED that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assignees, or its representative is present at the sale; and it is further

ORDERED, ADJUDGED AND DECREED that if the Referee does not conduct the sale within 90 days of the date of the judgment, in accordance with CPLR 2004, the time fixed by RPAPL §1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the property, and pay to the Referee, by certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff in which case no deposit against the purchase price shall be required; and it is further

ORDERED, ADJUDGED AND DECREED that, in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject property or fails to immediately pay the ten percent (10%) deposit as required, the property shall be reoffered at auction; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall then deposit the down payment and proceeds of sale, as necessary, in ___Flushing Bank 89-12 Sutphin Blvd___ in his/her own name as Referee, in accordance with CPLR 2609; and it is further

Bank

Jamaica, New York 11435

4

ORDERED, ADJUDGED AND DECREED that after the property is sold, the Referee shall execute a deed to the purchaser, in accordance with RPAPL §1353 and the terms of sale, which shall be deemed a binding contract; and it is further

ORDERED, ADJUDGED AND DECREED that, in the event a party other than the Plaintiff becomes the purchaser at the sale, the closing of title shall be held no later than 30 days after the date of such sale unless otherwise stipulated by all parties to the sale; and it is further

ORDERED, ADJUDGED AND DECREED that, if Plaintiff (or its affiliate, as defined in paragraph (a) of subdivision 1 of section six-1 of the Banking Law) is the purchaser, such party shall place the property back on the market for sale or other occupancy: (a) within 180 days of the execution of the deed of sale, or (b) within 90 days of completion of construction, renovation, or rehabilitation of the property, provided that such construction, renovation, or rehabilitation proceeded diligently to completion, whichever comes first, provided however, that a court of competent jurisdiction may grant an extension for good cause; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee, on receiving the proceeds of such sale, shall forthwith pay therefrom, in accordance with their priority according to law, all taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the property at the time of sale, with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee then deposit the balance of said proceeds of sale in her/his own name as Referee in Flushing Bank 89-12 Sutphin Blvd. Jamaica, New York 11435 and shall thereafter make the following payments in accordance with RPAPL §1354, as follows:

Bank

5

FIRST: The Referee's statutory fees for conducting the sale, in accordance

Add'l
Ref Fee

with CPLR 8003(b), in the sum of $750.00. In the event a sale was cancelled or

postponed, Plaintiff shall compensate the Referee in the sum of $ 350.00 _____ for

J.S.C.

each adjournment or cancellation, unless the Referee caused the delay;

SECOND: All taxes, assessments, and water rates that are liens upon the

property and monies necessary to redeem the property from any sales for unpaid

taxes, assessments, or water rates that have not become absolute, and any other

amounts due in accordance with RPAPL §1354(2). Purchaser shall be responsible

for interest and penalties due on any real property taxes accruing after the sale. The

Referee shall not be responsible for the payment of penalties or fees pursuant to

this appointment. The Purchaser shall hold the Referee harmless from any such

penalties or fees assessed;

THIRD: The expenses of the sale and the advertising expenses as shown

on the bills presented and certified by said Referee to be correct, duplicate copies of

which shall be annexed to the report of sale;

FOURTH: The Referee shall then pay to the Plaintiff or its attorney the

following:

Amount due per Referee's Report: $28,195,000.00 with interest at the note rate

from June 20, 2022, together with any advances as provided for in the note and mortgage

which Plaintiff has made for taxes, insurance, principal, and

6

interest, and any other charges due to prior mortgages or to maintain the property

pending consummation of this foreclosure sale, not previously included in the

computation, upon presentation of receipts for said expenditures to the Referee,

all together with interest thereon pursuant to the note and mortgage, and then with

interest from the date of entry of this judgment at the statutory rate until the date

the deed is transferred;

CC
**WAIVED PER AFFIRMATION**
Costs and Disbursements: $_____ adjudged to the

Plaintiff for costs and disbursements in this action to be taxed by the Clerk and inserted

herein, with interest at the statutory judgment rate from the date of entry of this

judgment;


J.S.C.

Additional Allowance: $ ---0---- _____ is hereby awarded to Plaintiff

in addition to costs, with interest at the statutory judgment rate from the date of entry

of this judgment, pursuant to CPLR Article 83;

J.S.C.

Attorney Fees: $ ---0--- _____ is hereby awarded to Plaintiff

as reasonable legal fees herein, with interest at the statutory rate from the date of entry of

this judgment;

FIFTH: Surplus monies arising from the sale shall be deposited with the Queens

County Clerk by the officer conducting the sale within five days after receipt in

accordance with RPAPL §1354(4) and in accordance with local County rules regarding

Surplus Monies; and it is further

7

ORDERED, ADJUDGED AND DECREED that if the Plaintiff is the purchaser of the property, or in the event that the rights of the purchasers at such sale and the terms of sale under this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof is filed with said Referee, said Referee shall not require Plaintiff to pay ~~in cash~~ the entire amount bid at said sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the property sold upon the payment to said Referee of the amounts specified in items marked "First", "Second", and "Third" above; that the Referee shall allow the Plaintiff to pay the amounts specified in "Second" and "Third" above when it is recording the deed; that the balance of the bid, after deducting the amounts paid by the Plaintiff, shall be applied to the amount due Plaintiff as specified in paragraph "Fourth" above; that Plaintiff shall pay any surplus after applying the balance of the bid to the Referee, who shall deposit it in accordance with paragraph "Fifth" above; and it is further

ORDERED, ADJUDGED AND DECREED that all expenses of recording the Referee's deed, including real property transfer tax, which is not a lien upon the property at the time of sale, shall be paid by the purchaser, not by the Referee from sale proceeds, and that any transfer tax shall be paid in accordance with Tax Law §1404; and it is further

ORDERED, ADJUDGED AND DECREED that if the sale proceeds distributed in accordance with paragraphs "First", "Second", "Third", and "Fourth" above are insufficient to pay Plaintiff the Amount Due per the Referee's Report as set forth in paragraph "Fourth" above, Plaintiff may seek to recover a deficiency judgment against SH 168, LLC, Ai Guang Chen, and Jin Wu Yu in accordance with RPAPL §1371 if permitted by law; and it is further

8

ORDERED, ADJUDGED AND DECREED that the mortgaged property is to be sold in one parcel in "as is" physical order and condition, subject to any condition that an inspection of the property would disclose; any facts that an accurate survey of the property would show; any covenants, restrictions, declarations, reservations, easements, right of way, and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged property is located and possible violations of same; any rights of tenants or persons in possession of the subject property; prior liens of record, if any, except those liens addressed in RPAPL §1354; any equity of redemption of the United States of America to redeem the property within 120 days from the date of sale; and any rights pursuant to CPLR 317, 2003, and 5015, or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; and it is further

ORDERED, ADJUDGED AND DECREED that the purchaser be let into possession of the property upon production in hand of the Referee's Deed or upon personal service of the Referee's deed in accordance with CPLR 308; and it is further

ORDERED, ADJUDGED AND DECREED that the Defendants in this action and all persons claiming through them and any person obtaining an interest in the property after the filing of the Notice of Pendency are barred and foreclosed of all right, claim, lien, title, and interest in the property after the sale of the mortgaged property; and it is further

ORDERED, ADJUDGED AND DECREED that within 30 days after completing the sale and executing the proper conveyance to the purchaser, unless the time is extended by the court, the officer making the sale shall file with the Queens County Clerk a report under oath of the disposition of the proceeds of the sale in accordance with RPAPL §1355(1) and follow all local County rules regarding handling of Surplus Monies; and it is further

9

ORDERED, ADJUDGED AND DECREED that if the purchaser or purchasers at said sale default(s) upon the bid and/or the terms of sale the Referee may place the property for resale without prior application to the Court unless Plaintiff's attorneys shall elect to make such application; and it is further

ORDERED, ADJUDGED AND DECREED that the Plaintiff shall serve a copy of this Judgment with Notice of Entry upon the owner of the equity of redemption, any tenants named in this action, and any other parties or persons entitled to service, including the Referee appointed herein; and it is further

ORDERED, ADJUDGED AND DECREED that nothing herein shall be deemed to relieve Plaintiff of any obligation imposed by RPAPL §1307 and RPAPL §1308 to secure and maintain the property until such time as ownership of the property has been transferred and the deed duly recorded; and it is further

ORDERED, ADJUDGED AND DECREED that, when the Referee files a report of sale, he or she shall concurrently file a Foreclosure Actions Surplus Monies Form; and it is further

ORDERED, that the Referee shall comply with the Eleventh Judicial District's COVID-19 Policies concerning Public Auctions of foreclosed properties. These policies, along with the Queens County Foreclosure Auction Rules, can be found on the Queens Supreme Court - Civil Term website and a copy of said rules are annexed hereto at Exhibit A; and it is further

ORDERED, ADJUDGED AND DECREED that to ensure compliance herewith, Plaintiff shall file a written report with the court within six months from the date of entry of this judgment stating whether the sale has occurred and the outcome thereof.

10

Said property is commonly known as: 142-28 38th Avenue, Flushing, New York

(Block 5020, Lots 1201 – 1274).

The legal description of the mortgaged property referred to herein is annexed hereto as Schedule A.

ENTER:

Hon. Denis J. Butler, J.S.C.

CLERK

**FILED & RECORDED**
**3/20/2023**
**9:15 AM**
COUNTY CLERK
QUEENS COUNTY

11

Exhibit D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------x

BK 38TH LENDER LLC,

                              Plaintiff,

            -against-

SH 168, LLC, AI GUANG CHEN, JIN WU YU,
NAVIGATOR BUSINESS SERVICES LLC,
BOARD OF MANAGERS OF THE SHIROKIA
TOWER CONDOMINIUM, NEW YORK CITY
DEPARTMENT OF FINANCE, NEW YORK
STATE DEPARTMENT OF TAXATION AND
FINANCE, JOHN DOE #1 THROUGH JOHN
DOE #20 (said John Doe defendants being
fictitious, it being intended to name all other
parties who may have some interest in or lien
upon the premises sought to be foreclosed),

                              Defendants.

-------------------------------------------------------------x

Index No. 725426/2020

**AFFIRMATION IN SUPPORT OF MOTION FOR CONTEMPT AND SECONDARY APPOINTMENTS**

        Gregory M. LaSpina, Esq., an attorney admitted to practice law in and

before the courts of the State of New York, affirms that the following

statements are true and accurate and subject to the penalties of perjury:

        1.      This affirmation is based upon my personal knowledge and

recollection of the facts herein and my personal examination of my

business records. The exhibits referenced herein by NYSCEF document

Case 1:23-41064-ess   Doc 10   Filed 06/05/23   Entered 06/05/23 14:32:16

numbers are expressly incorporated and made a part of the record of my motion for contempt and for secondary appointments.

2.      It is my regular practice to make business records at or near the time or occurrence of the activities and transactions reflected in these records.  This affirmation is based upon the books and business records made and maintained by me in the ordinary course of business, as well as my own investigation and personal knowledge of this matter.  The documents referenced herein were produced from these books and business records.

3.      I submit this affirmation in support of my order to show cause, inter alia, to adjudge defendants SH 168, LLC, Ai Guang Chen and Jin Wu Yu ("Defendants") to be in contempt of this Court's order and my amended notice to attorn compelling the defendants to turn over immediate, complete, and unfettered access and control of the real property known as 142-28 38th Avenue, Flushing, New York (the "Premises") and account for all rents received and to approve the appointment of a property manager and special landlord-tenant counsel.

Case 1-23-41064-ess    Doc 10    Filed 06/05/23    Entered 06/05/23 14:32:16    INDEX NO. 725426/2020

4.      I was appointed by this court (Butler, D.) on April 29, 2022 to serve as the Temporary Receiver (the "Receiver") for the rents and profits of the Premises. The order of appointment can be located at NYSCEF Doc. No. 131.

5.      I duly qualified as such Receiver by having electronically filed a Bond with the Court on September 7, 2022 pursuant to the aforesaid Order, which conditioned same upon lawful performance of my duties as Receiver. The bond can be located at NYSCEF Doc. No. 139.

6.      I executed and electronically filed an Oath of Receiver with the Court on September 7, 2022. The oath can be located at NYSCEF Doc. No. 138.

7.      I electronically filed with the Court a Notice to Attorn to Receiver and caused the Notice to be personally served upon all tenants of the Premises on or about September 7, 2022. The Notice to Attorn can be located at NYSCEF Doc. No. 140. I filed an Amended Notice to Attorn on or about December 21, 2022 which can be located at NYSCEF Doc. No. 151.

3

Case 1-23-41064-ess    Doc 10    Filed 06/05/23    Entered 06/05/23 14:32:16

8.     On September 7, 2022, I caused the notice to attorn to be served upon all parties and the known tenants, including Defendants via their attorneys of record, via regular mail and NYSCEF. The affidavit of service can be located at NYSCEF Doc. No. 141.

9.     Upon information and belief, the Premises consists of one parcel and is an apartment building in borough of Queens.

10.    The Premises is owned by defendant SH 168, LLC of which Ai Guang Chen and Jin Wu Yu are members.

11.    Defendants have refused to cooperate in any fashion and have continued to collect rent from the tenants.

12.    Defendants have failed to turn over the security deposits and rents collected after September 7, 2022, amounting to at least $600,000.00 in accordance with my notice to attorn and this Court's order.

4

Case 1:23-41064-ess   Doc 10   Filed 06/05/23   Entered 06/05/23 14:32:16

13. Defendants have also refused to turn over keys, current leases, agreements, correspondence, and an accounting of rents and expenses after September 7, 2022.

14. "A court of record has power to punish, by fine and imprisonment, or either, a neglect or violation of duty, or other misconduct, by which as right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded, or prejudiced [if] a party to the action or special proceeding, an attorney, counsellor, or other person...for any other disobedience to a lawful mandate of the court." Judiciary Law § 753(A)(3).

15. It has been expressly held that "[t]he mere act of disobedience...is sufficient to sustain a finding of civil contempt if such disobedience defeats, impairs, impedes or prejudices the rights of a party." See McNulty v. McNulty, 81 A.D.2d 581, 437 N.Y.S.2d 438 (2d Dept. 1981). Intent or willfulness is not required to hold a person in contempt for disobeying a court order; the mere act of disobedience, regardless of its motive, is sufficient to sustain a finding of civil contempt if such

Case 1:23-41064-ess   Doc 10   Filed 06/05/23   Entered 06/05/23 14:32:16   INDEX NO. 725426/2020

disobedience defeats, impairs, impedes or prejudices the rights of a party.

<u>Yalkowsky v. Yalkowsky</u>, 93 A.D.2d 834, 461 N.Y.S.2d 54 (2d Dept. 1983).

16.   "Where it is not shown that such an actual loss or injury has been caused, a fine may be imposed, not exceeding the amount of the complainant's costs and expenses, and two hundred and fifty dollars in addition thereto, and must be collected and paid, in like manner." Judiciary Law § 773.

17.   The court may award reimbursement of a party's actual expenses reasonably incurred and reasonable attorney's fees resulting from frivolous conduct.  22 N.Y.C.R.R. § 130-1.1.

18.   Coercive incarceration, as a sanction for contempt, may be imposed immediately or after a set period during which the contemnor must comply with the court order. <u>Freihofner v. Freihofner</u>, 2005 WL 1798362, *11 (Sup.Ct., Westchester Co.).

Case 1-23-41064-ess    Doc 10    Filed 06/05/23    Entered 06/05/23 14:32:16    INDEX NO. 725426/2020
RECEIVED NYSCEF: 03/02/2023

19.    In view of the foregoing, I request that the Court adjudge Defendants to be in ongoing **CONTEMPT** for willful disobedience of this Court's order and my Notice to Attorn.

20.    I request that the Court compel Defendants to turn over and send to the Receiver, all keys, rental payments, rents, Tenant security deposits, papers, receipts, leases, subleases, utility bills, and/or contracts and agreements pertaining to the subject Premises and to turn over to the Receiver immediate, complete and unfettered access to the subject Premises, including a full accounting of all income and expenses for the Premises after September 7, 2022 and to turn over the corresponding net proceeds and security deposits to the Receiver within 20 days of service of notice of entry of this Court's order.

21.    I request that the Court grant a judgment against the Defendants in favor of the Receiver in the amount of $1,210,000.00 for the estimated collected rents of $600,000.00, $600,000.00 for security deposits, and the Receiver's legal fees and costs incurred for the filing of the Receiver's motion in an amount no less than $10,000.00.

7

Case 1-23-41064-ess    Doc 10    Filed 06/05/23    Entered 06/05/23 14:32:16
INDEX NO. 725426/2020
RECEIVED NYSCEF: 03/02/2023

22.     I request that the Court direct Ai Guang Chen and Jin Wu Yu to appear on the return date of this motion to personally explain their actions and guarantee their full compliance.

23.     I request that the Court issue a warrant directing the Queens County Sheriff's Office to bring a representative of Ai Guang Chen and Jin Wu Yu to show cause before the Court why they should not be imprisoned unless they file proof of compliance with this Court's orders and the Notice to Attorn within 20 days of service of notice of entry of this order.

24.     I request that the Court approve the appointment and retention of Barton Schwartz as property manager for the Premises, nunc pro tunc, as of the date of the appointment of the Receiver on April 29, 2022.

25.     I request that the Court approve the appointment and retention of Adam Kalish, Esq. as special landlord-tenant counsel for the temporary receiver, nunc pro tunc, as of the date of the appointment of the Receiver on April 29, 2022, for all nonpayment and eviction proceedings conducted in the Civil Court of the City of New York, Queens County, and the Housing Parts thereof and grant permission to the Special Landlord-Tenant Counsel

8

to pursue all rent arrears from the date of service of the Receiver's Notice to Attorn.

26.    Upon information and belief the above individuals whom I seek to appoint with the Court's approval, are qualified under the Part 36 Rule of Court of the Office of Court Administration (OCA).

27.    I request that the Court adjudge all advances made by plaintiff to be secured by plaintiff's mortgage and that such advances shall be added to and included in the debt thereupon due and in the judgment of foreclosure and sale, to the extent that the rents, issues, and profits collected by the Receiver and remaining in the Receiver's fiduciary account are insufficient to reimburse plaintiff for such advances. Advances have been made due to the uncooperativeness of the defendants and tenants and possible need for eviction/non-payment proceedings.

28.    I request that the Court compel all New York City and New York State agencies, not-for-profit entities, housing programs, affordable housing corporations, including, but not limited to, Section 8 Administration, New York City Department of Finance and New York City Department of

Case 1:23-41064-ess    Doc 10    Filed 06/05/23    Entered 06/05/23 14:32:16

Housing Preservation and Development, to acknowledge the Receiver and amend their records and remit payments to "Gregory M. LaSpina, Esq. as Temporary Receiver" for tenants participating in any such housing programs and/or tenants receiving payments or subsidies, either directly or indirectly, as payment of rent for the Premises.

29.    I request that the Court grant such other, further, and different relief to the Receiver as this court deems just and proper.

30.    No previous application for the relief requested herein has been made to this or any other court.

Dated:      March 2, 2023

/s/ Gregory M. LaSpina
Gregory M. LaSpina, Esq.

10

Case 1:23-41064-ess   Doc 10   Filed 06/05/23   Entered 06/05/23 14:32:16

# CERTIFICATE OF COMPLIANCE

The foregoing affirmation/memorandum was prepared on a computer. A proportionally spaced typeface was used, as follows:

Name of typeface: Arial

Point Size:         14

Line Spacing:       Double

Pursuant to rule 22 NYCRR 202.8b, the total number of words in the affirmation/memorandum, inclusive of point heading and footnotes and executive pages containing the table of contents, table of citations, proof of service, certificate of compliance, or any authorize addendum containing statues, rules, regulations, etc., is 1,766 words.


Dated:      Whitestone, New York
            March 2, 2023


                            Borchert & LaSpina, P.C.


                      By:   */s/ Gregory M. LaSpina*_____
                            Gregory M. LaSpina, Esq.
                            *Temporary Receiver*
                            19-02   Whitestone   Expressway,
                            Suite 302
                            Whitestone, NY 11357
                            Tel. (718) 767-3333

Exhibit E

Case 1-23-41864-ess    Doc 10    Filed 06/05/23    Entered 06/05/23 14:32:16

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------X

BK 38TH LENDER LLC,

                      Plaintiff,

              -against-

SH 168, LLC, AI GUANG CHEN, JIN WU YU,
NAVIGATOR BUSINESS SERVICES LLC,
BOARD OF MANAGERS OF THE SHIROKIA
TOWER CONDOMINIUM, NEW YORK CITY
DEPARTMENT OF FINANCE, NEW YORK
STATE DEPARTMENT OF TAXATION AND
FINANCE, JOHN DOE #1 THROUGH JOHN
DOE #20 (said John Doe defendants being
fictitious, it being intended to name all other
parties who may have some interest in or lien
upon the premises sought to be foreclosed),,

                      Defendants.

------------------------------------------------------------X

Index No. 725426/2020

**AFFIDAVIT IN
SUPPORT OF
MOTION FOR
CONTEMPT AND
SECONDARY
APPOINTMENTS**

STATE OF NEW YORK    )
                            ) ss:
COUNTY OF _KINGS_   )

Barton Schwartz, being duly sworn, deposes and says as follows:

This Affidavit is offered in support of the Temporary Receiver's

application to the Court for secondary appointments and for the Temporary

Receiver's request that Defendants, the building Ownership, their agents,

employees and other interested parties be held in Contempt for the willful and contumacious disregard of the Court's Order of Appointment and the Notice to Attorn electronically filed on or about September 7, 2022, NYSCEF Document #140 and Amended Notice to Attorn filed on or about December 21, 2022, NYSCEF Document #151.

From the time that the Temporary Receiver obtained his appointment and executed his sworn Oath and after the E-Filing therein, I have served as an agent and site manager of the Temporary Receiver and as his proposed Property Manager pursuant to the Rules of Part 36.

I am advised that it is the Receiver's intent to obtain the consent of the Court for my appointment as the designated Property Manager for this Receivership and his request is part and parcel of his Order to Show Cause which also seeks a finding of Contempt against various individuals who are Defendants, either the ownership of the subject Property in Foreclosure, and/or its agents, and/or its employees, and/or its representatives and/or other interested parties.

I have posted the Notice to Attorn on September 7, 2022 and the Amended Notice to Attorn on December 23, 2022, at the property in or about one of my first visits to the subject property only after the Temporary

Receiver qualified with the Court, having obtained his bond, having executed an Oath and after the filing of these items with the Court.

I have since returned to the Property to meet the Tenant/Occupants and to attorn/collect rents from the Tenants/Occupants.

Upon visiting and entering the premises, I have observed the building is in desperate need of janitorial services. There is a restaurant space that appears to be empty and items were being moved out of the space. For building safety purposes maintenance contracts for HVAIC, fire safety and elevators, will have to be entered into, which we are unable to do so, until the owner of the premises cooperates. There is an Adult Day Care facility in the building that had promised to pay rent to the Receiver, but has since refused to claiming that the lease is with the building owner.

There has not been from the Defendant Owners, their agents, employees or representatives or other interested parties, a turn over of documents as called for in the Order of Appointment and Notices to Attorn. We have not been provided with existing leases or building plans. The Receivership should also have copies of all records, including DHCR documents concerning the registration of the building and its apartments; documents in existence concerning utilities, HVAIC and other building services, vendors, rent collection and security deposits and all records

Case 1:23-41064-ess   Doc 10   Filed 06/05/23   Entered 06/05/23 14:32:16

pertaining to the prior management and control of the property in Foreclosure.

The above-mentioned items are essential for the Temporary Receiver to discharge his fiduciary duties and will also permit me to properly serve, without interference from the Defendants, as the Part 36 Property Manager for this Receivership.

_____
Barton Schwartz

Sworn to before me this 28th
day of February, 2023

_____
Notary Public

GREGORY M. LASPINA
Notary Public, State Of New York
No. 4787940
Qualified In Queens County
Commission Expires November 30, 2025