**BILL ZOU & ASSOCIATES PLLC**
136-20 38th Avenue, Suite 10D
Flushing, NY 11354
Telephone: (718) 661-9562
Facsimile: (718) 661-2211
By: William X. Zou
xfzou@aol.com
zoulawoffice@yahoo.com

*Proposed Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SH 168, LLC<br><br>               Debtor. | Chapter 11<br><br>Case No. 23-41864 (ESS) |

**DEBTOR'S OPPOSITION TO BK 38th LENDER LLC'S MOTION FOR DISCOVERY UNDER BANKRUPTCY RULE 2004**

## I.      PRELIMINARY STATEMENT

1.      BK 38th Lender LLC's ("Movant") motion for the entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure directing the examination of SH 168, LLC, Ai Guang Chen and Jin WuYu ("Debtor") should be denied because it has failed to demonstrate any good cause which warrants discovery under Rule 2004,  that wherein there is a State Court litigation pending between the parties, Rule 2004 discovery has been consistently condemned by courts, that the Movant already secured a Judgment of Foreclosure from a State Court action, Rule 2004 serves no purpose but to gain advantage in another tribunal for the Movant, to harass and incur unnecessary legal fees and costs to the Debtor and to delay and disrupt the administration of the estate.

2.      Moreover, even assuming the Court is inclined to grant such Application, the scope of document production and Rule 2004 examination should be limited, Movant's demands for document production is overly broad, it should be denied in its entirety or modified.

## II. ARGUMENTS

### A. THE MOVANT HAS FAILED TO SET FORTH ANY GOOD CAUSE FOR RULE 2004 DISCOVERY

3.       In the Movant's motion for Rule 2004 Discovery, the Movant has failed to set forth any ground or reason which warrants a Rule 2004 examination. It simply stated the applicable law and stated that "(c)onsistnet therewith, the Movant requests the entry of an order substantially in the form annexed hereto, authorizing the Movant to conduct an examination and for the production of documents specified herein". (¶7-10, Motion, Doc No. 15). It did not bother to set forth any reason, *albeit*, good reasons.

4.      The Movant alleged that the Debtor has filed nothing but a bare bones petition, that there are violations against the Debtor's property, that the Debtor has refused to cooperate with the Receiver, and has failed to maintain the property… but the Movant has failed to demonstrate any ground which warrants Rule 2004 examination.

5.      A party seeking to conduct a Rule 2004 examination bears the burden to show good cause, including that the proposed examination "is necessary to establish the claim of the party seeking the examination, or . . . [that] denial of such request would cause the examiner undue hardship or injustice." *ePlus, Inc. v. Katz* (*In re Metiom, Inc.*), 318 B.R. 263, 268 (S.D.N.Y. 2004) (quotations and citations omitted); *see also In re AOG Entm't, Inc.*, 558 B.R. 98, 109 (Bankr. S.D.N.Y. 2016); *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991).

6.        Here in this case at bar, the Movant did not bother to demonstrate any good cause to show that it is necessary to have Rule 2004 discovery in order to establish its claim or that denial of such request would cause it undue hardship or injustice. The allegations that "the Debtor has filed nothing but a bare bones petition", "(t)he Debtor has filed nothing but a bare bones petition", that the Debtor "have refused to cooperate in any fashion…" merely repeated its allegations in another motion to excuse the Receiver from compliance with §543(a) and (b) of the Bankruptcy Code, do not constitute good causes under Rule 2004.

7.        An improper purpose can be inferred from the Motion if the movant fails to articulate a legitimate reason for conducting the examination. See, e.g., *Musicians Union, AFM Local 6 v. Lewis (In re Lewis)*, No. C-93-3893 MHP, 1994 WL 125201, at \*3 (N.D. Cal. Mar. 31, 1994); See *In re Wilcher*, 56 B.R. 434 (Bankr. N.D. Ill. 1985) (holding that a party was "not properly subject to a Rule 2004 examination" due to the absence of any actual evidence of the alleged wrongdoing); In *re Strecker*, 251 B.R. 878, 883 (Bankr. D. Colo. 2000) (quashing 2004 subpoena where examiner lacked "some alleged conduct, or other facts, which could lead to a cause of action" beyond the fact that debtor had written a bad check before bankruptcy); *Lewis*, 1994 WL 125201, at \*3 (quashing subpoena where no legitimate reason for conducting exam existed).

8.        No proper purpose for Rule 2004 Discovery was cited by the Movant.

9.        To establish "good cause" the movant must demonstrate that the "requested documents are necessary to establishment of the moving party's claim or that denial of production would cause undue hardship or injustice." In *re Dinubilo*, 177 B.R. 932, 940 (E.D. Cal. 1993).

10.      Here, the Movant did not bother to demonstrate any good cause. Its motion for Rule 2004 should be denied.

11.      Moreover, the Movant has already filed a proof of claim (Claim No. 1) on June 16, 2023, it does not need a Rule 2004 discovery to establish its claim.

12.      Since the filing of this motion, the Debtor has filed a complete Petition with all schedules and filings as of June 23, 2023, has testified in a 341 meeting held on June 26, 2023 wherein the Movant's counsel and its representatives have attended and questioned the Debtor.

13.      Based upon the foregoing, the Movant's motion for Rule 2004 Discovery should be denied in its entirety.

**B.      RULE 2004 IS NOT PROPER IN THIS CASE**

14.      A Bankruptcy Rule 2004 examination is not proper if litigation, such as an adversary proceeding or state court litigation, between the parties is pending. Rather, discovery is to be made pursuant to Bankruptcy Rule 7026. *See In re Bennett Funding Group, Inc.* 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) ("Courts are wary of attempts to utilize Fed. R. Bankr. P. 2004 to avoid the restrictions of the Fed. R. Civ. P. in the context of adversary proceedings"); *In re Enron Corp*., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) ("the well recognized rule [is] that once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by Bankruptcy Rule 2004").

15.      Additionally, "(t)he principle applies to pending state court litigation." *In re Glitnir banki hf*, 2011 Bankr. LEXIS 3296, 12 (Bankr. S.D.N.Y. Aug. 19, 2011). "Courts have exhibited similar concerns and reached similar results when confronted with the propriety of Rule 2004 examinations where the party requesting the Rule 2004

examination could benefit their pending litigation outside of the bankruptcy court against the proposed Rule 2004 examinee. *See Snyder v. Soc'y Bank, 181 B.R. 40, 42 (S.D. Tex. 1994), aff'd sub nom. In re Snyder*, 52 F.3d 1067 (5th Cir. 1995) (mem.) (characterizing the use of Rule 2004 to further a state court action as an abuse of Rule 2004 and stating that the bankruptcy court did not abuse its discretion by denying production under a subpoena issued under Rule 2004, where appellant's primary motivation was to use those materials in a state court action against the examinee); *see also Collins v. Polk*, 115 F.R.D. 326, 328-29 (M.D. La. 1987) (granting motion to impound all depositions taken pursuant to Rule 2004 and strongly condemning practice where plaintiff in district court action had filed suit but did not serve the pleadings, including an amended complaint, on Rule 2004 examinee/defendants until after having participated in bankruptcy trustee's Rule 2004 examinations); *cf. In re Coffee Cupboard, Inc.*, 128 B.R. 509, 515-517 (Bankr. E.D.N.Y. 1991) (balancing the individualized elements of the case to conclude that limited discovery under Rule 2004 was warranted, but only to the extent relevant to the transfer of assets within the trustee's administrative power. The court recognized the normative principle that "Rule 2004 examinations should not be used to obtain information for use in an unrelated case or proceeding pending before another tribunal")" *Enron* 281 B.R. at 842

16.      Here, there is a heavily litigated State Court litigation pending between the parties before the Supreme Court of the State of New York, County of Queens, Index 725426/2020. In such State Court action, the Movant's appointed Receiver has filed an order to show cause to hold the Debtor in contempt for alleged refusal to "cooperate with the Receiver or turnover keys, current leases, agreements, correspondence and an accounting of rents and expenses after September 7, 2022". The

Movant's instant motion for Rule 2004 discovery is apparently designed to obtain discovery for such State Court action, such intention and practice are consistently condemned by bankruptcy courts and should not be allowed in this case at bar. *see In re Enron Corp.*, 281 B.R. at 844 (finding that the movant's Rule 2004 discovery requests were a "pretext for discovery" in pending litigation and thus denying the motion); *In re Interpictures, Inc.,* 86 B.R. 24, 29 (Bankr. E.D.N.Y. 1988) (explaining that using Bankruptcy Rule 2004 for the purpose of discovery in a pending proceeding pushes "beyond the scope" of the rule).

17.    It is well established that, where an adversary proceeding, a contested matter, or litigation is pending in another forum, a litigant cannot use Rule 2004 but instead should seek discovery pursuant to the Federal Rules of Civil Procedure or the rules of that other forum. In *re SunEdison, Inc*., 572 B.R. 482, 490 (Bankr. S.D.N.Y. 2017); In *re Ramadan*, No. 11-02734-8- SWH, 2012 WL 1230272, at *2 (Bankr. E.D.N.C. Apr. 12, 2012) (acknowledging that the pending proceeding rule is a "recognized limitation on the broad scope of Rule 2004"); 9 COLLIER ON BANKRUPTCY ¶ 2004.01 (16th ed. 2017) (explaining that if litigation is pending, "then the parties to that proceeding or matter may no longer utilize the liberal provision of Bankruptcy Rule 2004"); *see also Szadkowski v. Szadkowski (In re Szadkowski*), 198 B.R. 140, 142 (Bankr. D. Md. 1996) (explaining that Rule 2004 is not a substitute for discovery under the Federal Rules of Civil Procedure).

18.    "The majority of courts prohibit Rule 2004 examinations of parties involved in or affected by an adversary proceeding while it is pending. . . . [T]his rule also applies to issues involved in ongoing litigation." *In re Southeastern Materials, Inc.*, 2010 WL 5128608, at 3 (Bankr. M.D.N.C. Dec. 10, 2010) (quotes omitted); *see, In re*

*Yahweh Ctr., Inc.,* No. 16-04306-5- JNC, 2017 WL 327473, at 1 (Bankr. E.D.N.C. Jan. 23, 2017) (announcing that "[t]his court adheres to the 'pending proceeding rule'"); *see also In re Szadkowski*, 198 B.R. at 141-42 (explaining that discovery under Rule 2004 is a pre-litigation device that cannot be used once litigation has commenced to obtain information related to that litigation).

19.     Courts routinely deny Rule 2004 requests where the discovery would lead to evidence related to the pending proceeding. *See In re Washington Mut., Inc*., 408 B.R. 45, 51 (Bankr. D. Del. 2009); *see also In re Ramadan*, 2012 WL 1230272, at 3 (establishing that the relevant question for ruling on a Rule 2004 discovery request is whether the purpose of the proposed examination and production is to further administration of the bankruptcy case or to aid movant in a pending state court action); *In re L.L. Murphrey Co*., No. 12-03837-8-JRL, 2012 WL 4855355, at 2 (Bankr. E.D.N.C. Oct. 11, 2012) (explaining that Rule 2004 may not be used in connection with entities affected by the pending proceedings or issues addressed in the pending proceedings and thus allowing examinations only for information unrelated to the pending proceedings).

20.     Courts want to prevent "unintentionally create(ing) a back door through which the (movant) could circumvent the limitations" of more stringent rules applicable in a pending litigation. *In re The Bennett Funding Grp., Inc*., 203 B.R. 24, 30 (Bankr. N.D.N.Y. 1996). This prohibition helps to ensure Rule 2004 does not usurp the narrower rules for discovery applicable in the pending proceeding. *In re Ramadan*, 2012 WL 1230272, at 3 (underscoring that "[d]iscovery of evidence related to the pending proceeding must be accomplished in accord with more restrictive" rules applicable in that pending proceeding).

21.       Here, the Movant's motion for Rule 2004 discovery serves no purpose other than obtaining advantage in the State Court action, other than harassing the Debtor and its principals, incurring them unnecessary legal fees and costs.

22.       Permitting this Rule 2004 discovery would create a "back door" through which the Movant could circumvent the applicable discovery rules to obtain an advantage in the pending litigation, while not advancing the Debtor's bankruptcy cases or any legitimate interest.

23.       Accordingly, it is respectfully requested that such motion be denied in its entirety.

## C.       THE MOVANT'S DEMANDS ARE OVERLY BROAD

24.        The scope of a Rule 2004 examination "is not limitless; the examination should not be so broad as to be more disruptive and costly to the [examinee] than beneficial to the [examiner]." *In re Texaco Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987). A court evaluating a Rule 2004 discovery request "must 'balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination.'" *AOG Entm't*, 558 B.R. at 108 (quoting *Drexel Burnham*, 123 B.R. at 712). "Relevance alone is not sufficient to justify a Rule 2004 request." *In re SunEdison, Inc.*, 572 B.R. 482, 489 (Bankr. S.D.N.Y. 2017). The party seeking Rule 2004 discovery "must show that [it] need[s] the discovery for some appropriate purpose, or that the failure to get the discovery will result in hardship or injustice." *Id.* at 490.

25.        Courts have recognized that "Rule 2004 examinations are broad," *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002), however, the use of Rule 2004 "as a discovery tool is not unlimited." *Id.* (quotations and citations omitted). Rule

2004 examinations have been limited where the "purpose of the examination is to abuse or harass, or under the well-recognized rule that once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by Rule 2004." *Id.* (internal citations omitted).  Nor shall a Rule 2004 examination "stray into matters not relevant to the basic inquiry." *In re Bakalis*, 199 B.R. 443, 448 (Bankr. E.D.N.Y. 1996). While third parties may be subject to Rule 2004 examinations, "Rule 2004 may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs." *In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985). Rule 2004 may however be "properly used as a pre- litigation device to determine whether there are grounds to bring an action to determine a debtor's right to discharge or the dischargeability of a particular debt." *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996).

26.    Here, the Movant did not bother to "show that [it] need[s] the discovery for some appropriate purpose, or that the failure to get the discovery will result in hardship or injustice" as required by *In re SunEdison, Inc.*, 572 B.R. 482, 489 (Bankr. S.D.N.Y. 2017) (the party seeking Rule 2004 discovery "must show that [it] need[s] the discovery for some appropriate purpose, or that the failure to get the discovery will result in hardship or injustice." *Id.* at 490).

27.    Here, the Movant's Documents Requests seek production of all records and files of the Debtor from May 25, 2017 to the present covering all aspects of its business, including but not limited to, its ownership structure, corporate minutes and records, operation of business, income and expenses, tax returns, property information and documents, rent roll and leases… The scope is overly broad and not necessary to establish the Movant's claims.

28.      The duration of time is excessively and not calculated to establish the Movant's claims. The Debtor did not even become owner of the underlying Property since August 2017, did not even borrow the underlying loan from the Movant's predecessor until January 19, 2019, the Movant did not become the Movant until January 16, 2020, yet it seeks documents from May 25, 2017, about 3 years before the Movant even started to have privity with the Debtor.

29.      The Documents Requests further attempt to "launch into a wholesale investigation of a non-debtor's private business affairs". It seeks all documents regarding non-debtor, Jin Wu Yu and Ai Guang Chen, who are equity holders of the Debtor not a debtor in this case. "Rule 2004 may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs." *In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985)

30.      Furthermore, the scope of a Rule 2004 examination "is not limitless; the examination should not be so broad as to be more disruptive and costly to the [examinee] than beneficial to the [examiner]." *In re Texaco Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987). A court evaluating a Rule 2004 discovery request "must 'balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination.'" *AOG Entm't*, 558 B.R. at 108 (quoting *Drexel Burnham*, 123 B.R. at 712).

31.      Here, the Debtor is insolvent, its cashflow are insufficient to cover it operating funds, it will be too costly to the Debtor to respond Movant's documents requests and oral examination.

32.      Rule 2004 discovery offers no benefit to the Movant because it has

already filed a proof of claim, it has a recorded mortgage against the Property, it is unnecessary for it to seek any discovery to establish its claim.

33.      As the Movant has admitted, it has already secured a Judgment of Foreclosure from the State Court action, it is unnecessary for it to seek Rule 2004 discovery in order to establish its claims.

## CONCLUSION

For all the foregoing reasons, the Movant's instant motion should be denied in all respects.

Dated:  Queens, NY
       June 29, 2023                    BILL ZOU & ASSOCIATES PLLC

                                  */s/ William X. Zou*

                                  By: William X. Zou, Esq.
                                  Proposed Attorney for Debtor
                                  136-20 38 Avenue, Suite 10D
                                  Flushing, NY 11354
                                  (718) 661-9562