UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
In re                                                    Chapter 11

    SH 168, LLC                                   Case no.  23-41864 (ESS)

                Debtor.
------------------------------------x

## ORDER CONFIRMING ~~MORTGAGEE'S~~ PLAN OF REORGANIZATION[1]

        BK 38th Lender LLC (the "Proponent" or the "Mortgagee") having proposed its Plan of Reorganization (the "Plan" dkt. 48) dated October 12, 2023 for debtor SH 168, LLC (the "Debtor"); and the Disclosure Statement approved in connection with the Plan having been transmitted to creditors and equity security holders, and upon the Declaration in Support of Plan Confirmation of David Goldwasser executed on December 18, 2023, and upon the hearing held before this Court on December 21, 2023 (the "Confirmation Hearing"), and upon the entire record of this case, and the Court having found:  (a) that the requirements for confirmation of the Plan set forth in 11 U.S.C. 1129(a) have been satisfied at the Confirmation Hearing, and (b) that cause exists for the Court to order that the stay under Bankruptcy Rule 3020(e) shall not apply to this Order; it is

        ORDERED, that pursuant to sections 1129 and 1141 of the Bankruptcy Code, the Plan be, and it hereby is, confirmed; and it is further

        ORDERED, that in furtherance of the Plan, the Proponent and the Plan Administrator are authorized and directed to take any and all actions contemplated to be taken by them under the Plan; and it is further

---

[1] All terms not defined herein shall have the same meaning as in the Plan.

ORDERED, that in accordance with Section 1141(a) of the Bankruptcy Code, the provisions of the Plan and this Confirmation Order are binding on the Proponent, the Debtor, each Creditor, and every other party-in-interest in this case and each of their respective successors and assigns (whether or not such Creditors or parties-in-interest voted to accept the Plan, whether or not they are impaired under the Plan, and whether or not any such Holder has filed, or is deemed to have filed, a proof of Claim or proof of Interest), and any other Person giving, acquiring, or receiving property under the Plan, and any lessor or lessee of property to or from the Debtor.  The rights afforded in the Plan and the treatment of all Claims and Interests therein shall be in exchange for and in complete satisfaction of all Claims and Interests of any nature whatsoever, known or unknown, including, except as expressly provided in the Plan, interest accrued on or expenses incurred in connection with such Claims from and after the Petition Date, against the Debtor or its property or interests in property; and it is further.

ORDERED, pursuant to Bankruptcy Code § 1146, the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including, without limitation, the sale of the Property in accordance with the terms of the Plan, shall not be subject to any stamp, real estate transfer, documentary, registration, sales, added-value, mortgage release, mortgage recording, or similar tax; and it is further

ORDERED, that all entities holding Claims against or Interests in the Debtor that are treated under the Plan are hereby directed to execute, deliver, file, or record any document, and to take any action necessary to implement, consummate, and otherwise effect the Plan in accordance with their respective terms, and all such entities shall be bound by the terms and provisions of all documents executed and delivered by them in connection with the Plan; and it is further

ORDERED, In accordance with Section 1142 of the Bankruptcy Code, the Proponent and any other entity designated pursuant to the Plan, including, without limitation, the Plan

Administrator, are hereby authorized, empowered, and directed to issue, execute, deliver, file, and record any document, and to take any action necessary or appropriate to implement, consummate, and otherwise effectuate the Plan in accordance with its terms, and all such entities shall be bound by the terms and provisions of all documents issued, executed, and delivered by them as necessary or appropriate to implement or effectuate the transactions contemplated by the Plan; and it is further

ORDERED, that the Debtor shall provide the Plan Administrator with (a) access to and assistance in locating any books and records of the Debtor that may reasonably be requested and (b) access to and assistance from the Debtor regarding the Debtor's books and records or factual information relevant to any Causes of Action or objections to Claims that may be brought by the Plan Administrator; and it is further

ORDERED, that Plan Administrator be, and hereby is, authorized to employ a professional third-party managing agent ("Managing Agent"); and it is further

ORDERED, that on behalf of the Plan Administrator, the Managing Agent shall be authorized to collect all rents and profits due and unpaid or that become due pending the sale of the Property under the Plan; and it is further

ORDERED, that on behalf of the Plan Administrator, the Managing Agent is authorized to take charge and enter into possession of the Property; and it is further

ORDERED, that on behalf of the Plan Administrator, the Managing Agent is authorized to keep the Property insured against loss by damage or fire; to pay the taxes, assessments, water rates, sewer rents, vault rents, salaries of employees, supplies and other charges; to comply with all the lawful requirements of any municipal department or other authority of the municipality in

which the mortgaged premises are situated; and to procure such fire, plate glass, liability and other insurance as may be reasonably necessary; and it is further

ORDERED, that on behalf of the Plan Administrator, the Managing Agent is authorized commence and prosecute all legal proceedings for the collection of rent, including actions for the removal of tenants and licensees; and it is further

ORDERED, that the tenants and occupants shall attorn to the Managing Agent on behalf of the Plan Administrator; and it is further

ORDERED, that all persons now or hereafter in possession of the Property, or any part thereof, and not holding such possession under valid and existing leases or tenancies, inclusive of the Debtor, do forthwith surrender such possession to the Managing Agent; and it is further

ORDERED, that pursuant to the provisions of the General Obligations Law section 7-105, anybody holding any deposits or advances or rental as security under any lease or license agreement affecting space in the Property shall turn same over to the Managing Agent within five (5) days; and thereupon the Managing Agent shall hold such security as required under the General Obligations Law; and it is further

ORDERED, that the Debtor or anybody in possession, turn over to the Managing Agent all rents collected relating to the Property; and it is further

ORDERED, that anybody in possession of same shall turn over to the Managing Agent all property belonging to the Debtor including cash on hand, books and records, rent lists, orders, unexpired and expired leases, agreements, correspondence, notices and registration statements relating to rental space or facilities at the Property; and it is further

ORDERED, that the Debtor, the Property tenants, licensees or other persons in possession of the Property are enjoined and restrained from collecting the rents, license fees and

other charges of the Property and from interfering in any manner with the Property or its possession; and from transferring, removing or in any way disturbing any of the occupants or employees; and that all tenants, occupants; employees and licensees of the premises and other persons liable for the rents be and hereby are enjoined and restrained from paying any rent or license fees or other charges for such premises to the Debtor, its agents servants or attorneys; and it is further

ORDERED, that the Plan Administrator may apply to this Court for further or other instructions or powers necessary to enable the Plan Administrator and the Managing Agent to implement the Plan.

ORDERED, that the Debtor shall cooperate with any broker, auctioneer, and/or real estate professional to permit reasonable access to the Property for marketing purposes; and it is further

ORDERED, that the Plan Administrator shall be the disbursing agent under the Plan responsible for making distributions under the Plan, and shall file a disbursement report with the Bankruptcy Court upon making such distributions, and it is further

ORDERED, that the Plan Administrator shall file, within 45 days after the date of this Order, a status report detailing the actions taken by the Debtor and the progress made toward the consummation of the Plan; and it is further

ORDERED, that the Plan Administrator shall file monthly operating reports until the Effective Date of the Plan; and it is further

ORDERED, that the Plan Administrator shall file a notice of occurrence of the Plan's Effective Date on the Court's docket within three (3) business days of the Effective Date having occurred; and it is further

ORDERED, that the Plan Administrator shall file quarterly status reports, and after the Effective Date, quarterly post-confirmation operating reports filed in compliance with United States Trustee operating guidelines, every January 15th, April 15th, July 15th, and October 15th until a final decree has been entered closing the Debtor's chapter 11 case; and it is further

ORDERED, that the Plan Administrator shall pay to the United States Trustee all fees due and payable by the Debtor, if any, under and pursuant to 28 U.S.C. § 1930, plus all applicable interest thereon, until the Debtor's chapter 11 case is either dismissed, converted to chapter 7, or until a final decree is entered closing the Debtor's chapter 11 case, whichever is earlier; and it is further

ORDERED, the Proponent and any designee, its respective equity holders, directors, officers, employees, attorneys, financial advisors, investment bankers and other professionals have acted in good faith in connection with the Plan, this Chapter 11 Case, and the formulation and consummation of the Plan, and accordingly, has satisfied Section1125(e) of the Bankruptcy Code; and it is further

ORDERED, that except as otherwise expressly provided in the Plan, or any other Order of this Court, all persons or entities who have held, hold or may hold Claims against or Interests in the Debtor, along with their respective present and former employees, agents, officers, directors, principals and affiliates, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against the Proponent and/or the Debtor's assets and/or properties with respect to such Claim or Interest (other than actions brought to enforce any rights or obligations under the Plan):

    a) commencing or continuing in any manner any action or other proceeding of any kind,

    b) enforcing, attaching, collecting or recovering by any manner or means, whether directly or indirectly, of any judgment, award, decree or order,

  c) creating, perfecting, or enforcing, in any manner, directly or indirectly, any encumbrance of any kind,

  d) asserting any right of setoff, subrogation or recoupment of any kind, or

  e) pursuing any Claim released pursuant to the Plan;

and it is further

  ORDERED, that except as otherwise provided in the Plan, such injunction shall extend to any successors of the Proponent, the Debtor, and their respective properties and interests in properties. Additionally, upon the entry of this Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present and former employees, agents, officers, directors, principals and affiliates are hereby enjoined (from taking any actions other than by or in connection with an appeal of this Confirmation Order) to interfere with the implementation or consummation of the Plan. Unless otherwise provided in the Plan, this Confirmation Order, or a separate order of the Court, all injunctions or stays arising under or entered during the Chapter 11 cases under Sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the date of this Confirmation Order shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay; provided, however, that on the Effective Date, the stay shall be replaced to the extent provided in this Confirmation Order, with an injunction set forth in the Plan and/or Sections 524 and 1141 of the Bankruptcy Code; and it is further

that since the Debtor is a limited liability company and the Plan is a liquidating plan, paragraph 103 of the Plan providing for a discharge be, and it hereby is, deemed deleted; and it is further

  ORDERED, that requests for payment of Administrative Claims must be filed and served on counsel for the Debtor and Proponent by no later than thirty days after this Order is entered

(the "Administrative Claims Bar Date") and the Proponent shall serve a notice of Administrative Claims Bar Date on all parties in interest substantially in the form annexed hereto. Any Person that is required to file and serve a request for payment of an Administrative Claim and fails to timely file and serve such request shall be forever barred, estopped, and enjoined from asserting such Claim or participating in distributions under the Plan on account thereof. Objections to requests for payment of Administrative Claims must be filed and served on counsel for the Debtor, Proponent, and the party requesting payment of an Administrative Claim within thirty (30) days of the date such request for payment has been filed; and it is further

ORDERED, that the Plan Administrator shall file an application for a final decree within thirty days after the Plan is substantially consummated; and it is further

ORDERED, that this Court ~~hereby retains~~ ***may retain*** exclusive jurisdiction over this Order, and to hear and to determine all controversies, suits and disputes, if any, as may arise in connection with the consummation of the Plan; and it is further

ORDERED, that this Order shall not be stayed under Bankruptcy Rule 3020(e).



Dated: Brooklyn, New York
January 4, 2024

_____
Elizabeth S. Stong
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
In re                                                                    Chapter 11

    SH 168, LLC                                                Case no.  23-41864 (ESS)

                             Debtor.
----------------------------------------x

**Notice Of Deadline Requiring Filing Of Administrative Proofs Of Claim On Or Before _____, 2024**

        **To All Persons And Entities With Administrative Claims Against SH 168, LLC**

        The United States Bankruptcy Court for the Eastern District of New York has entered an Order establishing _____, 2024 at 5:00 p.m. Eastern Time (the "Administrative Claims Bar Date") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file a proof of claim against the debtor listed above (the "Debtor").

        The Administrative Claims Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtor that arose after May 25, 2023, the date on which the Debtor commenced its case under Chapter 11 of the United States Bankruptcy Code, except for those holders of the claims listed in Section 4 below that are specifically excluded from the Administrative Claims Bar Date filing requirement.

1.      WHO MUST FILE A PROOF OF CLAIM

You MUST file a proof of claim to share in any potential distribution from the Debtor=s bankruptcy as a holder of an Administrative Claim, if your Administrative Claim is not one of the types of claim described in Section 4 below. Claims for administrative expenses are specifically described in sections 503 and 507 of the Bankruptcy Code. Among other things, these sections provide that certain types of claims are entitled to administrative expense priority, including, without limitation: (i) the actual, necessary costs and expenses of preserving the estates, including wages, salaries, or commissions for services rendered after the commencement of the bankruptcy cases; (ii) certain taxes and penalties related thereto; (iii) compensation and reimbursement of certain professionals or officers; (iv) the actual, necessary expenses incurred by (a) certain creditors, (b) a creditor, an indenture trustee, an equity security holders, or a committee representing any such entities, in making a substantial contribution to a debtor's chapter 11 case, (c) a custodian, (d) members of certain committees if incurred in the performance of the duties of such committees; or (v) compensation for services rendered by an indenture trustee. Claims based on acts or omissions of the Debtor that occurred during the Chapter 11 Period must be filed on or prior to the Administrative Claims Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain during the Chapter 11 Period.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is

reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

      2.    WHAT TO FILE

Proof of claim forms may be obtained at www.uscourts.gov/bkforms. All proof of claim forms must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant and must conform substantially to Form No. 10 of the Official Bankruptcy Forms. The proof of claim form must be written in English and be denominated in United States currency. You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Claimants may also file a proof of their assertion of an Administrative Claim on the electronic docket of the Debtor's bankruptcy case in the customary form for notice of such Administrative Claim, but no later than the Administrative Claims Bar Date, such professional must file an application for payment that complies with the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules and the Fee Guidelines promulgated by the United States Trustee by the Administrative Claims Bar Date together with a notice hearing on such application.

      3.    WHEN AND WHERE TO FILE

Except as provided for herein, all proofs of Administrative Claim must be filed so as to be received on or before _____, 2024 at 5:00 p.m. Eastern Time at the following address: Clerk of Court, United States Bankruptcy Court, 271-C Cadman Plaza East, Brooklyn, NY 11201-1800, or entered electronically on the Court's electronic docket for the Debtor's case. Attorneys (with full access) and employees of institutional creditors (with limited access accounts)

should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts to the CM/ECF system must file their proofs of claim by mailing or delivering the original proof of claim by hand to the United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York.

Proofs of Administrative Claim will be deemed filed only when received by the Bankruptcy Court or entered on the Court's electronic docket for the Debtor's case on or before the Administrative Claims Bar Date. Proofs of Administrative Claims may not be delivered by facsimile, telecopy or electronic mail transmission.

4. WHO NEED NOT FILE A PROOF OF CLAIM

You do not need to file a proof of claim on or prior to the Bar Date if you are:

(a) A person or entity that has already filed a proof of Administrative Claim; against the Debtor in the form and manner set forth in this notice;

(b) A holder of an Administrative Claim that has previously been allowed by order of the Court;

(c) A holder of an Administrative Claim that has been paid in full by the Debtor; or

(d) A holder of an Administrative Claim for which a specific deadline has previously been fixed by this Court.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtor but may not have an unpaid Administrative Claim against the Debtor. The fact that you have received this Notice does not mean that you have a claim or that the Trustee, the Debtor or the Court believes that you have an Administrative Claim against the Debtor.

Any person or entity that holds an Administrative Claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of the Administrative Claims Bar Date Order, must file a proof of such Administrative Claim based on such rejection on or before the Administrative Claims Bar Date, and any person or entity that holds an Administrative Claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of the Administrative Claims Bar Date Order, must file a proof of such Administrative Claim on or before such date as the Court may fix in the applicable order authorizing such rejection.

Holders of equity security interests in the Debtor need not file proof of interest with respect to the ownership of such equity interests, <u>provided</u>, <u>however</u>, that if any such holder asserts an Administrative Claim against the Debtor (including a Chapter 11 Claim relating to an equity interest or the purchase or sale of such equity interest), a proof of such Administrative Claim must be filed on or prior to the Administrative Claims Bar Date pursuant to the procedures set forth herein.

5. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE ADMINISTRATIVE CLAIMS BAR DATE

ANY HOLDER OF AN ADMINISTRATIVE CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE AN ADMINISTRATIVE PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE BARRED FROM ASSERTING SUCH

CLAIM AGAINST THE DEBTOR AND ITS ESTATE, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR=S CASE ON ACCOUNT OF SUCH CLAIM.

A holder of a possible claim against the Debtor should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.

Dated: New York, New York
_____, 2023
                                        BY ORDER OF THE COURT

Backenroth Frankel & Krinsky, LLP,
488 Madison Avenue
New York, New York 10022
(212) 593-1100
Attn: Mark Frankel